

# IN THE COURT OF CRIMINAL APPEALS OF TEXAS

**NOS.**
**WR-88,559-01**
**WR-88,559-02**
**WR-88,559-03**

**EX PARTE ROBERT BRICE DAUGHERTY, Applicant**

**ON APPLICATIONS FOR WRITS OF HABEAS CORPUS**
**CAUSE NOS. 25886 HC-1, 25928 HC-1, AND 25958 HC-1**
**IN THE 6TH DISTRICT COURT FROM LAMAR COUNTY**

*Per curiam*.

# O R D E R

Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the clerk of the trial court transmitted to this Court these applications for writs of habeas corpus. *Ex parte Young*, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant pled guilty without plea agreements to three felony offenses regarding methamphetamine and was sentenced to three terms of life in prison. The convictions were affirmed on direct appeal. *Daugherty v. State*, Nos. 06-15-00038-CR, 06-15-00039-CR, and 06-15-00040-CR (Tex. App.—Texarkana del. Sep. 3, 2015).

Applicant claims, *inter alia*, that the State made a 40-year plea offer in each case to

Applicant's first trial counsel, who later withdrew, but that first trial counsel failed to inform Applicant of the plea offers. *Missouri v. Frye*, 132 S.Ct. 1399 (2012). He complains that his second trial counsel failed to attempt to revive the 40-year plea offers after they had been withdrawn. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). He also complains that his appellate counsel was ineffective regarding appellate counsel's presentation of the plea-bargain issue on direct appeal. *Id.* There is no response in the habeas record provided to this Court from either of Applicant's trial counsel or from his appellate counsel.

Applicant has alleged facts that, if true, might entitle him to relief. In these circumstances, additional facts are needed. As we held in *Ex parte Rodriguez*, 334 S.W.2d 294, 294 (Tex. Crim. App. 1960), the trial court is the appropriate forum for findings of fact. The trial court shall order both trial counsel and appellate counsel to respond to Applicant's claims regarding the alleged 40-year plea offers. To do so, the trial court may use any means set out in TEX. CODE CRIM. PROC. art. 11.07, § 3(d). In the appropriate case, the trial court may rely on its personal recollection. *Id*. If the trial court elects to hold a hearing, it shall determine whether Applicant is indigent. If Applicant is indigent and wishes to be represented by counsel, the trial court shall appoint an attorney to represent Applicant at the hearing. TEX. CODE CRIM. PROC. art. 26.04.

The trial court shall make findings of fact and conclusions of law in regard to Applicant's claims of ineffective assistance of trial and appellate counsel. The trial court shall also make any other findings of fact and conclusions of law that it deems relevant and appropriate to the disposition of Applicant's claim for habeas corpus relief. Applicant's remaining claims lack merit.

These applications will be held in abeyance until the trial court has resolved the fact issues. The issues shall be resolved within 90 days of this order. A supplemental transcript containing all

affidavits and interrogatories or the transcription of the court reporter's notes from any hearing or deposition, along with the trial court's supplemental findings of fact and conclusions of law, shall be forwarded to this Court within 120 days of the date of this order. Any extensions of time must be requested by the trial court and shall be obtained from this Court.

Filed: July 25, 2018
Do not publish